PALEN, receiver, &c. *vs.* BUSHNELL and BANGS.

In an action brought by the receiver of a judgment debtor, the subject of such action being the restitution of the property of the judgment debtor, the plaintiff may unite in his complaint all the different claims which he has against the defendant upon that subject of action, and set forth therein different transactions out of which his right to restitution flows ; although to reach that result, in some instances, it will be necessary to set aside transfers void for usury.

APPEAL from a judgment rendered at a special term, overruling a demurrer to the complaint. The action was brought by the plaintiff as receiver of Henry Bangs, appointed in proceedings supplementary to execution, on a judgment recovered against him by Terry brothers in 1862,

Palen *v.* Bushnell.

1st. To recover from the defendant, Ezra L. Bushnell, various sums of money alleged to have been usuriously exacted by him from the defendant Bangs. 2d. To compel Bushnell to account for certain notes and bills receivable, alleged to have been placed in his hands as collateral security for loans made by him to Bangs, and for which, as the complaint alleges, he is still liable to account. 3d. To set aside as fraudulent and void certain transfers of real and personal property, alleged to have been made by Bangs to Bushnell, and to compel the latter to account to the plaintiff for such property or its value, or its proceeds and avails.

The 5th, 6th, 8th, 9th and 10th subdivisions of the complaint showed that Bangs paid to Bushnell, at various times specified, in and about the year 1860, six specified items of usurious excess, amounting to the sum of $3,376.55, alleged to be in violation of law, and the plaintiff claimed to recover it. The defendant Bushnell demurred for misjoinder of causes of action, and to several of the separate causes of action stated in the complaint, for insufficiency.

*L. B. Woodruff* and *Chas. F. Sandford,* for the appellants.

*N. Merrill,* for the respondent.

*By the Court,* GEO. G. BARNARD, J. I came to the conclusion, in *Palen, receiver, &c.* v. *Johnson,* (a) argued at the same time with this case, that a person who brought his action for excess of money paid for interest, beyond the legal rate, must bring it within the year subsequent to such payment. It follows that the demurrer in this case to the 5th, 6th, 8th, 9th and 10th subdivisions of the complaint was well taken, and the judgment overruling the demurrer as to those parts of the complaint, at special term, should be reversed. There is in this case the additional question of

(a) ante, p. 21.

Palen *v.* Bushnell.

misjoinder of causes of action. In this respect I think the demurrer is not good. The action is one in which the pleading must be judged by the Code. The section applicable thereto is the 167th, which is as follows: "The plaintiff may unite in the same complaint several causes of action, whether they be such as have heretofore been denominated legal or equitable, or both, when they arise out of 1. The same transaction, or *transactions connected with the same subject of action.*"

What is the subject of action in this case? It is the restitution of the property of the judgment debtor whom the plaintiff represents. To entitle himself to this relief, the plaintiff avers in his complaint different transactions out of which his right to restitution flows. To reach this result, in some instances, it is necessary to set aside transfers void for usury, but in consequence thereof the subject of the action is none the less to reach the debtor's property in the defendant's hands; and it is not a favorable construction of this section of the Code which will deprive the plaintiffs of the right to unite in the same complaint all the different claims which he has against the defendant upon this subject of action.

The decision of the special term should be reversed as to the 5th, 6th, 8th, 9th and 10th subdivisions of the complaint, and judgment rendered for the defendant therein, and affirmed as to the other portions of the complaint, without costs to either party on this appeal.

[NEW YORK GENERAL TERM, April 2, 1866. *Geo. G. Barnard, Sutherland* and *Ingraham,* Justices.]