### Van Liew v. Johnson.

*Pleading — what does not constitute cause of action — misjoinder of causes of action.*

Plaintiffs' complaint alleged that defendant had fraudulently acquired from them a claim against another of great value, for a trifling consideration, and asked that the contract be rescinded, but did not allege the restoration of, or an offer to restore, the consideration. *Held,* that the complaint did not contain facts sufficient to constitute a cause of action.

The complaint alleged fraud on the part of certain defendants in acquiring a claim held by plaintiffs against the estate of an insolvent, and asked that such contract be rescinded, and also asked for an accounting by certain of the defendants as assignees of the estate of the insolvent. *Held,* that the two causes of action were improperly joined under Code, § 167.

APPEAL by plaintiffs from an order at special term sustaining a demurrer to the complaint.

The action was brought by Evander S. Van Liew and another, administrators, etc., of Elhanan Van Liew, deceased, against Stephen V. R. Johnson and others. The complaint set forth, as causes of action, that one of the defendants, Halsey Sandford, who was largely indebted to the estate of the intestate, made an assignment to two of the defendants, S. V. R. Johnson and John C. Meddick, for the benefit of creditors; that the property of the assignor was sufficient to pay all of his preferred debts, of which the claim of the intestate was one, and the assignees realized in money nearly enough for that purpose ; that after the death of the intestate, S. V. R. Johnson was appointed and acted as one of the appraisers of the estate of the intestate ; that the claim of the

intestate was submitted to him for valuation, and that he knowing it to be of great value, falsely appraised it as of no value, and it was not put into the inventory of assets of the intestate's estate; that thereafter the said S. V. R. Johnson induced the plaintiffs, by a like representation of value, to transfer the claim to his son, one of the defendants, for a trifling consideration, which S. V. R. Johnson paid, and that afterward a dividend of sixty per cent was declared on the claim, which S. V. R. Johnson retained. The complaint asked judgment that the defendants, S. V. R. Johnson and John O. Meddick, account, as assignees of Halsey Sandford; that the assignment by plaintiffs of the claim against Halsey Sandford be declared void, and that the assignees pay to plaintiffs such dividends as have been declared upon said claim.

Defendants, Stephen V. R. Johnson and A. Bray Johnson, demurred to the complaint on several grounds, one among which was that several causes of action were improperly united. The court, at special term, in sustaining the demurrer, delivered the following opinion:

DWIGHT, J. The demurrer for improper joinder of causes of action is well taken. As many as two causes of action are distinctly stated: one against S. V. R. Johnson and A. B. Johnson, to set aside or annul a written contract of sale, or assignment of certain demands of the plaintiffs' intestate against the defendant Sandford, on the ground that such contract was procured to be made to A. B. Johnson for the benefit of S. V. R. Johnson by the fraudulent representations of the latter; another, for an accounting by S. V. R. Johnson and Meddick as assignees of Sandford for the benefit of his creditors, as well as of the property received and realized by them, as of what they might have realized "if they had done their full duty," and discharged their trust "with due care." These two causes of action are not such as may be united under section 167 of the Code.

They do not belong to the first class defined by that section. They do not arise out of the same transaction, nor can they in any proper sense be said to arise out of transactions connected with the same subject of action. The former arises out of a fraud perpetrated by one of the defendants in a purely individual capacity; the latter out of the acts, doings and omissions of two of the defendants as assignees of a third.

The same statement shows that the two causes of action do not belong to the seventh class defined by the section referred to ; and it will not be contended that they both belong to either of the remaining classes.

But beside the requirement that causes of action to be united must belong to one or the other of the classes above referred to, the same section requires that they be such as affect all the parties to the action. This requirement is plainly violated by the complaint under consideration. The cause of action first mentioned does not in any manner affect either of the defendants, Meddick or Sandford, nor does the latter in any manner affect the defendant A. B. Johnson.

The demurrer for improper joinder of causes of action must therefore be allowed.

*McDonald & Rose*, for appellants, cited *Palen* v. *Bushnell*, 46 Barb. 24 ; *Richtmyer* v. *Richtmyer*, 50 id. 55 ; *Jessop* v. *Miller*, 1 Keyes, 321 ; Code, § 167 ; Story's Eq. Pl., § 539 ; *Lawrence* v. *Bank of Republic*, 35 N. Y. 320.

*Charles A. Hawley*, for respondents.

Present — MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

GILBERT, J. It is evident that unless the plaintiffs are entitled, upon the facts stated in the complaint, to have the sale of the claim of their intestate against Sandford avoided, they have failed to set forth a cause of action against any, or either of the defendants. For if the contract of sale is upheld, the title of such claim remains in the purchaser, and there is no cause of action against him or his father; consequently they are not creditors of Sandford and have no standing in court to call his assignees to account. The rule as to the remedies of a person who has been defrauded is firmly established, and we presume is familiar to counsel. He has an election either to affirm the contract and to sue for the damages occasioned by the fraud, or to disaffirm the contract, and to sue for the recovery back of whatever has been received upon the contract by the other party. But he can pursue the latter remedy only on condition that he has restored, or offered to restore, all that he himself has received upon the contract.

The plaintiffs in this action seek to rescind the contract of sale to Johnson of their demand against Sandford ; but there is no averment in the complaint that they have restored, or offered to restore, the purchase-money therefor. This is a fatal defect.

We think also that the objection of a misjoinder of causes of action is a good one for the reason stated in the opinion delivered at special term.

The order appealed from must be affirmed, with costs, with leave to the plaintiff to amend, in twenty days, on payment of costs.

*Order affirmed.*